UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, ) ) ) | File No. 11-5057-JLV |
| Plaintiff, ) ) | **DEFENDANT'S REPLY BRIEF** |
| vs. ) ) | |
| AMY JENSON, ) ) | |
| Defendant. ) | |

COMES NOW DEFENDANT Amy Jenson, by and through her undersigned counsel of record, and submits this Reply Brief pertaining to her Motion For Summary Judgment:

## FACTS

The Plaintiff in its response to Defendant's Statement Of Material Facts of Which There Is No Dispute conceded that each and every fact as set forth therein is, indeed, undisputed. (Doc. 30) Pursuant to LR 56.1D, "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts." The undisputed, and thus admitted, material facts dispositive of Plaintiff's motion for summary judgment include:

> 11. Two life insurance policies were ultimately issued by American General through Mr. Boyle's BMS Financial Advisors. Amy Jenson Affidavit, ¶¶ 10-11; Affidavit of Hugh Boyle, ¶ 11; Hugh Boyle deposition, p. 8; Amy Jenson Deposition, p. 10.

> 12. At all relevant times, Mr. Boyle served as the agent for American General for purposes of the life insurance policies at issue. Hugh Boyle Deposition, Ex. 1, 2.

14. [In] or around April 2006, policy number YME0415059 was issued on Amy's life by the Plaintiff in the amount of $500,000.00 with Pat being named the beneficiary. Amy Jenson Affidavit, ¶ 10.

15. On approximately the same date, policy number YME0415058 was issued on Pat's life in the amount of $500,000.00 with Amy being listed as the exclusive beneficiary. Amy Jenson Affidavit, ¶ 11; Hugh Boyle deposition, Ex. 1.

16. There was no contingent beneficiary listed on the policy issued on the life of Pat. Hugh Boyle deposition, p. 24; *Id.* at Ex. 1.

17. From the date policy number YME0415058 on Pat's life was issued until his passing, Amy agreed to pay the premiums out of her personal, separate checking account on a monthly basis. Hugh Boyle deposition, p. 18; Amy Jenson Deposition, p. 10, 19.

38. As part of their overall post-divorce financial arrangements, an agreement between Pat and Amy existed regarding Amy paying the monthly premiums on Pat's life insurance policy, with Pat agreeing that Amy remain the designated beneficiary. Amy Jenson Second Affidavit, ¶ 8.

39. This agreement continued from year to year upon the parties' annual meeting with financial advisor Hugh Boyle. Amy Jenson Second Affidavit, ¶ 9.

40. After the divorce, Amy agreed to continue making these premium payments and Pat agreed that Amy was to remain the sole beneficiary under the policy. Amy Jenson Second Affidavit, ¶ 10.

48. Mr. Boyle was aware that Amy and Pat had divorced. Hugh Boyle deposition, p. 12, 17.

50. One specific issue which was discussed with Pat and Amy each time they met with Mr. Boyle was the beneficiary designations on various accounts, including the life insurance contracts. Hugh Boyle deposition, pp. 14-16.

51. Following the divorce, both in 2009 and 2010, Pat, Amy and Mr. Boyle reviewed all of their accounts and discussed among other things, the beneficiary designations on the life insurance and other accounts. Amy Jenson Deposition, p. 18.

52. In each instance during their meetings following the divorce, Pat was specifically asked about his intention for beneficiary designation on the American General Life Insurance policy, and in both 2009 and 2010 affirmatively indicated and agreed that he wanted to keep Amy as his beneficiary. Amy Jenson Deposition, p. 19; Hugh Boyle deposition, p. 17, 25.

53. From and after the time the contract of life insurance was issued, Pat never changed his beneficiary designation. Amy Jenson Deposition, p. 19.

57. The intention of Mr. Jenson regarding the beneficiary of the $500,000.00 life insurance policy sold by the Plaintiff was clear. From the initiation of the policy and continuing forward uninterrupted and regardless of the divorce, it was Pat's express intent that Amy be the beneficiary of the proceeds. Affidavit of Hugh Boyle, ¶ 23; Hugh Boyle deposition, p. 23.

62. Pat died on January 2, 2011. Amy Jenson Affidavit, Ex. 14.

63. At the time of Pat's death, all of the premiums on policy YNE0415058 had been paid in full, with each and every payment being paid via automatic withdrawal through Amy's individual checking account. Amy Jenson Affidavit, ¶ 46; Hugh Boyle deposition, p. 18; Amy Jenson Deposition, p. 19.

64. Pat listed no contingent beneficiaries nor are there any conflicting claims or claimants regarding the proceeds at issue. See Complaint.

## LEGAL ANALYSIS

Likewise, the Plaintiff does not meaningfully challenge or dispute Defendant's legal analysis regarding the grounds by which Defendant is entitled to the life insurance proceeds.

Plaintiff frames the issues as follows:

[A] threshold issue for the Court is to determine whether SDCL § 29A-2-804 creates a rebuttable presumption that can be overcome by clear indication of contrary intent. If it does, then the parties are asking the Court to consider the undisputed facts and to declare whether Patrick Jenson made such a clear indication that he desired Amy to remain as beneficiary despite the divorce.

Plaintiff's Memorandum In Response To Defendant's Motion For Summary Judgment, p. 11 (Doc. 29). Defendant would rely upon the arguments and authorities set forth in her opening brief to support her contention that the referenced statute does indeed merely create a rebuttable presumption which can be overcome by clear indication of contrary intent. This interpretation is consistent with the statute, case law and policy pertaining to the Uniform Probate Code. Once this threshold issue is found in the affirmative, the issue of Patrick's intent regarding the beneficiary of the life insurance policy is undisputed as set forth above. A such, the Defendant is entitled to summary judgment awarding her the proceeds.

3

The Plaintiff seemingly concedes the Defendant's alternative grounds for recovery as set forth in the "contract exception" to SDCL § 29A-2-804. According to the Plaintiff, "[t]here is no indication that a written contract is needed for the contract exception to SDCL§ 29A-2-804. Simply put, if there was a contract relating to the beneficiary designation before or after the divorce, the automatic revocation of SDCL § 29A-2-804 is inapplicable." Plaintiff's Brief, p. 12. Based on the undisputed facts set forth above, a contract existed between Pat and Amy regarding her remaining the beneficiary of the American General Life Insurance proceeds, and as such, SDCL § 29A-2-802 is inapplicable. See Defendant's Statement of Undisputed Facts Nos. 38, 39. Amy is entitled to summary judgment and a declaration that she is the proper beneficiary of Pat's life insurance proceeds.

## CONCLUSION

Based upon the undisputed material facts and legal argument as set forth above and in Defendant's opening brief, the Defendant respectfully requests that the Court grant Defendant's Motion For Summary Judgment and enter judgment directing the Plaintiff to pay the $500,000 life insurance proceeds plus applicable interest to the Defendant.

Dated this 19th day of December, 2011.

CLAYBORNE, LOOS & SABERS, LLP

Electronically signed

/s/
Michael C. Loos
Attorneys for Defendant Amy Jenson
2834 Jackson Blvd., Suite 201
P.O. Box 9129
Rapid City, SD 57709

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a true and correct copy of the foregoing *Defendant's Reply Brief* upon the person herein next named, on the date shown below, by electronic service:

J. Crisman Palmer
GUNDERSON, PALMER, NELSON & ASHMORE
506 Sixth Street
P.O. Box 8045
Rapid City, SD 57709
Attorneys for Plaintiff
cpalmer@gpnalaw.com

and that such address is the last address of the addressee known to the subscriber.

Dated this 19th day of December 2011.

/s/
Michael C. Loos